### E. M. REARDON, RECEIVER, v. E. A. WHITE ET AL.

Decided April 5, 1905.

**1.—Receiver—Discharge—Order in Chambers—Jurisdiction.**

The Circuit Court of the United States, by an order in chambers discharging a receiver on his final report showing sale of the property in his hands and settlement of his accounts was not deprived of jurisdiction to enter an order at the succeeding term modifying such order of discharge so as to retain the receiver in his position for the purpose of reporting and providing for the result of pending suits against him for personal injuries in which such receiver was protected by policies of accident insurance.

**2.—Receiver—Release—Discharge.**

Where the claimant suing a receiver for personal injuries caused in his operation of an electric plant, released, for a sum paid him, the company owning the property and the purchaser of it at receiver's sale, and the property itself saving the right to prosecute his suit against the receiver, who was protected by an accident insurance policy, the order of the United States Circuit Court continuing the receiver in his office after sale and conveyance of the property and approval of his final accounts relating to its management and operation, is treated as a finding by that court that the receivers' insurance did not pass by the sale, but left in his hands a means for satisfying the judgment which would be sufficient to prevent the release of the property sold from discharging him from liability on the judgment on the ground that all the property against which it could be enforced had been released from liability in rem and that there was no personal liability.

Error from the District Court of Dallas County. Tried below before Hon. T. F. Nash.

*Etheridge & Baker,* for plaintiff in error.—A suit against a receiver in his official capacity is in the nature of an action in rem to enforce a liability against the property or fund which the receiver represents, and as the defendant in error, for a valuable consideration, voluntarily released all of the property and funds in the hands of plaintiff in error, as receiver of the Dallas Electric Company, from all liability to the payment of any judgment that might be obtained by him against plaintiff in error, as such receiver, such release, as matter of law, operated as an extinguishment of all right on the part of plaintiff in error to maintain this suit. McNulta v. Lochridge, 141 U. S., 327; Texas & P. Railway Co. v. Cox, 145 U. S., 593; Gowen v. Harley, 56 Fed. Rep., 973; Dillingham v. Bryant, 4 Wilson's Civ. Cases, sec. 23; Davis v. Duncan, 19 Fed. Rep., 477; Hicks v. International & G. N. Ry. Co., 62 Texas, 38; Ryan v. Hays, 62 Texas, 42; Boggs v. Brown, Receiver, 82 Texas, 41; Texas & P. Ry. Co. v. Comstock, 83 Texas,

537; Texas & P. Ry. Co. v. Gay, 86 Texas, 571; Bartlett v. Keim, 13 Atlantic Rep., 7; High on Receivers, sec. 395, p. 389; Smith on Receivers, sec. 85, p. 192, 23 Am. & Eng. Encl. (2d ed.), 1090; 24 Am. & Eng. Encl. (2d ed.), 24; Tompkins v. Clay St. Ry. Co., 66 Cal., 163 (167).

The Dallas Electric Company or its property is the real defendant in the action, and plaintiff in error, as the receiver thereof, is entitled to make all the defenses which the said Dallas Electric Company could make, and as the release executed by defendant in error expressly relinquished all of his rights against the Dallas Electric Company, such release afforded plaintiff in error as such receiver an absolute defense. Same authorities.

Where plaintiff suing a corporation and its duly appointed acting and qualified receiver and others for the recovery of damages for personal injuries, executes, during the pendency of such suit, a written release for a valuable consideration, by the terms of which such plaintiff covenants that all property and earnings of such receivership are expressly released and discharged from any liability on account of any judgment that may be thereafter obtained against such receiver, the refusal of the court to give a special instruction seasonably requested by such receiver, to the effect that in the event the jury should return a verdict against him, such verdict should specify that such property and earnings are released and discharged from any liability to the payment of any judgment that may be rendered upon such verdict, constitutes reversible error. Same authorities.

The Circuit Court of the United States for the Northern District of Texas, at Dallas, which appointed plaintiff in error receiver of the Dallas Electric Company, by the rendition of the decree of date October 23, 1902, finally and without reservation discharging plaintiff in error as such receiver, ceased to have further jurisdiction over him as such receiver, and the subsequent decree of date March 7, 1903, purporting to continue plaintiff in error as receiver of the Dallas Electric Company, was coram non judice and void. Texas Pac. Ry. Co. v. Johnson, 76 Texas, 421; Texas Pac. Ry. Co. v. Johnson, 151 U. S., 81; Houston & T. C. Ry. Co. v. Crawford, 31 S. W. Rep., 176; Davis v. Duncan, 19 Fed. Rep., 477.

*W. H. Clark,* for defendant in error.—The Dallas Electric Company was not a proper defendant, and was not "the real defendant in the action," and was dismissed from the case because it was not liable for the negligence of E. M. Reardon, the receiver, he not being its agent, but being an officer of the court appointing him; the contract to light the residence of the defendant in error was between the receiver and the defendant in error, and at the time of the accident the property of the electric plant had been taken from the possession, control and management of the Dallas Electric Company, and was in custodia legis, and the possession, control and management thereof had been by the court given to the receiver; the Dallas Electric Company was not a party to the contract to light the residence of the defendant, and could not be held liable for the receiver's negligence, which occasioned the injury to the defendant in error. Texas & P. Ry. Co. v.

Johnson, 76 Texas, 421; Texas & P. Ry. Co. v. Huffman, 83 Texas, 286; Texas & P. Ry. Co. v. Geiger, 79 Texas, 13; Turner v. Cross & Eddy, Receivers, 83 Texas, 218; Memphis & C. Ry. Co. v. Hoechner, 67 Fed. Rep., 456.

The defendant in error had no rights against the Dallas Electric Company to enforce or to release, and as to its property in the hands of the receiver, all of it had been duly sold to Geo. W. Mitchell under and by virtue of the order and decree of the Federal Court in which said receivership was pending before the defendant in error was injured; and in the hands of such purchaser, or his vendee, the Dallas Electric Light and Power Company, could in nowise be subjected to the satisfaction of the claim or judgment of the defendant in error for injuries arising after such sale; and having nothing to enforce or release as to said property, as to it, said release is wholly immaterial; and as to the proceeds of the sale of the property, the uncontroverted facts showing that claims prior to that of defendant in error would and did consume all of said proceeds, and that the defendant in error had no interest in or right to and could, regardless of said release, recover no part of the proceeds of the sale of property, as to such proceeds, said release was and is immaterial. Fordyce, Receiver, v. Chancy, 21 S. W. Rep., 181; Ryan v. Hays, 62 Texas, 46; Smith on Receivers, secs. 3 and 86.

The undisputed fact that, at the time the defendant in error was injured, all of the property in the hands of the receiver had been sold, and that the defendant in error had no interest in or rights against the property which would enable him to follow the property notwithstanding the sale, and that he could not subject any part of the proceeds of its sale to his claim or judgment, in nowise destroyed the right of the defendant in error to recover judgment against the receiver for the $8,000 damages to which he is so justly entitled. Same authorities.

The Circuit Court of the United States for the Northern District of Texas, at Dallas, which appointed plaintiff in error receiver of the Dallas Electric Company in the receivership suit pending therein, was a court with jurisdiction under whose orders the receiver acted, and it did, on the 7th day of March, 1903, render and enter a decree upon the petition in intervention of defendant in error continuing the receiver in office, and refusing to discharge him, that this very suit might be prosecuted to final judgment; and did thereby and to that extent reform and amend its said order made in chambers discharging its receiver, which order was plead in abatement of this suit; and the court below did not err in refusing to vacate or review said order or decree of said Federal Court continuing its receiver in office, being wholly without jurisdiction so to do, being in duty bound to recognize said decree as valid, and the doing of which would have been an unwarranted collateral attack upon the judgment of a Federal Court, which had full jurisdiction of the subject-matter in a pending suit. Texas & P. Ry. Co. v. Johnson, 76 Texas, 421; Texas & P. Ry. Co. v. Gay, 86 Texas, 571; Fordyce, Receiver, v. Chancy, 21 S. W. Rep., 181; Furnald v. Glenn, 64 Fed. Rep., 49; Central Trust Co. v. Madden, 70 Fed. Rep., 451; Odell v. Reynolds, 70 Fed. Rep., 656; Mootry v. Grayson, 104 Fed. Rep., 613; Griswold v. Hill, 1 Paine, 483; Daniel's Chancery Practice (5th ed.), Star pp. 1473, 1488, 1603; Bates, Fed. Prac., 781.

The receiver was appointed in the exercise of the chancery jurisdiction which belongs to all of the Circuit Courts of the United States. The powers thus conferred, the rules of practice and procedure through which they are exercised, are not subject to limitation or revocation by the State Courts. It is only through its judgments, orders and decrees, and their executions, that the power of a court is made efficacious, and when it has jurisdiction of the subject-matter, and in a pending suit, as in this case, its judgments, orders and decrees can not be collaterally attacked, as was attempted here. Same authorities.

Where one court has assumed the power to act in a given case pending in that court, every lawful presumption that it did not act without jurisdiction ought to be indulged, and the court by its decree having appointed Reardon receiver, and having made the order in chambers discharging him inadvertently, and not intending to make an order which would abate suits pending against the receiver, the court had the power, and it was its duty, to amend the order at the next term, so as to continue the receiver in office. Same authorities.

FISHER, CHIEF JUSTICE.—On September 20, 1902, defendant in error White instituted this suit against Geo. W. Mitchell, the Dallas Electric Light & Power Company and Dallas Electric Company, and plaintiff in error Reardon, as receiver of the Dallas Electric Company, to recover damages resulting from personal injuries alleged to have been sustained by reason of the negligence of the defendant.

On April 3, 1904, the defendant in error amended his petition and dismissed his suits as to the defendants, Geo. W. Mitchell, the Dallas Electric Light & Power Company and Dallas Electric Company, and sought to recover and maintain his action solely against the plaintiff in error, as receiver of the Dallas Electric Company, upon allegations of negligence, to the effect that the receiver and his servants negligently constructed an electric light service in the residence of defendant in error, and that, by reason thereof, defendant in error sustained injuries which occasioned the damages sued for.

While the suit was pending against all of the parties, by written contract entered into with Geo. W. Mitchell, the Dallas Electric Light & Power Company and the Dallas Electric Company and the Standard Light & Power Company, in consideration of $4,000 paid to defendant in error White, these parties were released from liability; but it was expressly agreed that defendant in error's cause of action against the plaintiff in error Reardon, as receiver, should not abate, and that the agreement should not affect any action that the defendant in error might have against the plaintiff in error as receiver.

Thereafter the case was tried upon the amended petition seeking only to hold the receiver liable, and verdict and judgment were rendered in favor of defendants in error against the plaintiff in error, as receiver of the Dallas Electric Company, for $12,000, less the $4,000 which the defendant in error had received from the other parties by reason of the execution of the release, as stated, and the judgment of the court contained an order to the effect that its judgment be certified to the Federal Court at Dallas, where the receivership was pending.

It is unnecessary for us to set out any of the facts relative to plain-

tiff's cause of action against the receiver on the ground of negligence alleged, or as to whether the verdict of the jury is supported by the evidence on this question, for it is admitted by the plaintiff in error that White was injured by reason of the negligence of the receiver and his servants, as alleged in the amended original petition, and that he sustained damages to the amount awarded by the verdict of the jury.

Appellant's first and second assignments of error are to the effect that the written release executed by the defendant in error White had the effect to release and discharge the receiver from liability, notwithstanding the statement contained in the release that the receiver should not be discharged. This contention is predicated upon the terms of the written release, wherein it is stated that it was "expressly agreed and understood that neither the property now held by the Dallas Electric Light & Power Company, nor any property now or formerly held by the Dallas Electric Company, or any property or the earnings of the receivership for said company, shall in anywise be liable or subject to the payment of any judgment or costs obtained by me (meaning the plaintiff White) against the said E. M. Reardon, receiver; and the said property and earnings, if any, are hereby expressly released and discharged from any liability on account of such judgment, if any should be obtained."

It is contended that a suit against a receiver, in his official capacity, is merely one in rem to enforce a liability against the property or fund which the receiver represents; that when such property or fund, for a valuable consideration, is released from liability, plaintiff's cause of action is, in law, extinguished as against the receiver. The facts bearing upon this question are as follows: In November, 1901, the plaintiff in error, Reardon was appointed receiver of the properties of the Dallas Electric Company by the Circuit Court of the United States for the Northern District of Texas, at Dallas, in a certain cause pending in that court by the American Loan & Trust Company against the Dallas Electric Company. On August 5, 1902, under order of the court, the special master commissioner appointed and acting in that suit made a sale of all the properties of the Dallas Electric Company to Geo. W. Mitchell, and on August 11, 1902, filed report of his action in said court and requested confirmation or rejection, which report coming on for hearing on October 23, 1902, was approved and confirmed, and the property was ordered to be turned over to the purchaser upon compliance with the terms of sale. At the same time, the receiver was instructed and required to turn over all of the property conveyed to the purchaser, and that, upon compliance with the terms of the sale, the plaintiff in error should make his report to the court, showing a compliance with the order, filing therewith a full and final receipt. On October 30 the plaintiff in error made a final report, accompanied by the required receipt, and he was discharged as receiver. The description of the assets that were conveyed to Mitchell is in the following language: "Said master commissioner is hereby instructed to make to him a proper conveyance of all said property purchased by him, which deed shall vest in said purchaser title to all property, real, personal and mixed, of every nature and description whatsoever, rights, privileges, franchises, immunities, tolls, incomes, revenues, issues, contracts, leases,

licenses and choses in action of every nature and kind, now owned, acquired or possessed by said Dallas Electric Company, including all property, rights, betterments, improvements and additions made to the property of the Dallas Electric Company since the receivership in this case, and all property rights, privileges, funds, tolls, incomes, revenues, issues, contracts, leases, licenses and choses in action of every nature and kind belonging to and held by said receiver in this case."

The defendant in error was injured, as alleged, on August 20, 1902, while the receiver had control of the property, and was operating the same under orders of the court, and the original suit was filed on that date. The receiver, in his report to the court, and which was required to be made by order of the court, among other things, made this statement: "Your receiver would further show to the court that there are several suits pending against him for personal injuries alleged to have been inflicted by your receiver in the operation of said property, but the same, if any liability exists thereon, is believed to be covered by accident insurance, and said suits are being defended by said insurance companies."

On February 28, 1903, defendant in error White filed his petition in the United States Circuit Court, whereby he sought to vacate the order discharging the receiver, which application is as follows:

"American Loan & Trust Co. ⎫
           v.       ⎬
"Dallas Electric Co. ⎭
  "No. 548, Equity.

"Now comes E. A. White, hereinafter styled intervener, and, with leave of the court first had and obtained, files this his petition in intervention in the above entitled cause, and respectfully represents:

"1. The intervener is a citizen of Dallas County, Texas.

"2. That on, to wit, the 20th day of September, 1902, intervener duly instituted his certain suit against E. M. Reardon, receiver of the Dallas Electric Company, in the District Court of Dallas County, Fourteenth Judicial District of Texas, for damages against said receiver on account of permanent injuries received by him on the 20th day of August, 1902, by the carelessness of said receiver and his employes in furnishing electric lights at intervener's residence in East Dallas, said carelessness and negligence aforesaid resulting in intervener's losing his right arm, and receiving other serious and permanent injuries; and intervener attaches hereto a copy of his petition in said suit, marked Exhibit 'A', and asks that same be considered herewith.

"3. That thereafter, on the 22d day of October, 1902, said receiver made to this Honorable Court in this cause his final report, but wholly failed to report to the court the injuries aforesaid to intervener inflicted by him in the operation of the properties of the said Dallas Electric Company by him, or the pendency of intervener's suit in the District Court at Dallas.

"4. That said receiver, at the time of said accident to intervener, had with the Fidelity & Casualty Company a policy covering and insuring said receiver against damages for and on account of such an in-

jury as aforesaid, and agreed to hold him harmless therefrom, as appears on page 3 of said receiver's final report filed October 22, 1902.

"5.    That on, to wit, October 23, 1902, a decree of this Honorable Court was obtained confirming the sale herein made of the properties of the said Dallas Electric Company, and distributing the proceeds thereof, and confirming said receiver's final report, without provision whatever for plaintiff's said suit or any other similar suits, of which there are several.

"6.    The said receiver has attempted to be discharged by an order in chambers made on October 23, 1902.    That it is inequitable to discharge said receiver, and thereby destroy intervener's rights, and those of other citizens similarly situated by the discharge of said receiver.

"7.    Wherefore, intervener prays that notice hereof be duly given, and that the order discharging the receiver be not made final at term, and that it and the final decree herein be reformed and amended and restated, so as to protect intervener and those similarly situated, as to the court may seem equitable and proper.

"W. H. Clark, Counsel for Intervener."

On March 7, 1903, at the next regular term of the court, the following order was entered disposing of this application:

"American Loan & Trust Co.    ⎫
                    v.          ⎬
"Dallas Electric Company.      ⎭
   "No. 548.    In Equity.

"On this, the 7th day of March, A. D. 1903, with leave of the court first had and obtained for the filing thereof, came on to be heard the intervention of E. A. White, applying to the court to correct, reform and amend the order made by the court on the 23d day of October, 1902, discharging the receiver, E. M. Reardon, in the above entitled cause. And it appearing to the court that, in justice and equity, said order should be amended and reformed, so as to continue said receiver as such until the final disposition of certain suits pending against him as receiver in the State Courts at Dallas,

"It is therefore ordered, adjudged and decreed by the court that that portion of said order of the 23d day of October, 1902, reading as follows, to wit: 'And upon the filing of said receipt said receiver shall stand fully and finally discharged as receiver herein, and his bond given as such receiver herein shall thereupon stand discharged, vacated and annulled,' be, and is hereby corrected and amended so as to read as follows: That, upon the filing of said receipt, said receiver shall not be discharged, but shall stand and continue as such receiver until the final disposition of the certain suits pending in the State Courts at Dallas against him, said receiver, and until the final disposition of such suits as may be filed against him as such receiver upon causes of action accruing during his receivership, when he shall report the same to this court; and then and thereupon said receiver shall stand fully and finally discharged as receiver herein, and his bond given as such receiver herein shall thereupon stand discharged, vacated and annulled.

"Edward R. Meek, Judge."

Before passing upon the questions raised by the first and second assignments of error, we will dispose of the questions presented under plaintiff in error's fourth and fifth assignments. It is there contended that the Circuit Court of the United States was wanting in jurisdiction to set aside the previous order entered by that court discharging the receiver, and to enter the order of date March 7, 1903, just quoted. The previous order was entered in vacation. · In our opinion, it is unnecessary to cite authority upon this question, as we are thoroughly convinced that, at the regular term that followed the previous order, the Circuit Court had jurisdiction, upon application properly· made, to set aside that order and to retain the receiver within its jurisdiction, if circumstances satisfactory to the court were shown why this should be done.

Going back to the first and second assignments of error, we are of the opinion that the plaintiff in error's contention should not be sustained. It is true that this court, within the exercise of its jurisdiction over a cause properly pending before it, has the power to determine the effect of a judgment and decree of the Federal Court, and a conveyance made in pursuance of it, where rights thereunder are asserted in cases pending before it; but it must be conceded that, in considering the scope and effect of such judgments, and conveyances made in pursuance thereof, the Federal Court is better able to determine what effect should be placed upon such proceedings, and what was the purpose and intention of the court in entering such decree and authorizing the conveyance, and what property was intended to be passed thereby. Now the report of the receiver, which was before the Circuit Court when it entered the decree of confirmation and final approval of the same, calls the court's attention to the fact that there are personal injury suits pending against the receiver, one of which is the case before us, which is believed to be covered by accident insurance, and which are being defended by the insurance companies. The facts in the record, and as discussed by counsel, show that there was an accident insurance policy in favor of the receiver, protecting him against liability for personal injuries resulting from accidents. It does not appear from the record in the Circuit Court that any objection was made to this part of his report, but the court, in approving the report, evidently considered this statement for what it was worth as tending to show that such claims against the receiver were provided for by accident insurance policies. And it is seriously to be doubted that the Circuit Court, in approving the report and in confirming the conveyance of the property conveyed by the master commissioner, intended to pass title to the accident insurance policies, which were provided merely as a fund to meet just such class of cases against the receiver as is asserted by the defendant in error. This view of the question is emphasized by the subsequent order entered by the Circuit Court, setting aside the previous order discharging the receiver, and retaining jurisdiction for the purpose of settling the class of claims in controversy. The application made to that court by the defendant in error White, to set aside the orders discharging the receiver, expressly called the court's attention to the fact that there existed an accident policy with the Fidelity & Casualty Company, protecting the receiver against damages on account of injuries

while he was in control and operation of the electric plant. There is no pretense, other than this contract of indemnity, that the receiver retained at that time in his possession or control any assets or property of the Electric Company; and it seems, from the evidence bearing upon this question, that the policy was payable to the receiver. Now, if it had been the intention of the Circuit Court that this policy should pass to the purchaser by the conveyance of the commissioner and the order confirming the sale, it would be unreasonable to conclude that the Circuit Court would have set aside its previous order discharging the receiver, and retaining, by granting the subsequent order, jurisdiction over him. We regard this, in connection with the other facts stated, as a practical construction given by the Circuit Court to its judgment confirming the sale of the property, to the effect that it was not intended to pass title to the accident policy. If the receiver had not been discharged, which we hold to be the case by reason of the subsequent order made by the Circuit Court, and that court has retained jurisdiction over him for the purpose of settling valid claims of the class urged by the defendants in error in this case, it is for that court to determine whether it has in its possession, or the receiver has, under his control or assets that he would be entitled to control, means for settling the liabilities of claims that the court had not previously provided for. (Houston & Texas Central R. R. Co. v. Strycharski, 35 S. W. Rep., 851, and Fordyce v. Chancy, 21 S. W. Rep., 181.)

The receivership still pending, it was also proper for the trial court, in entering the judgment in this case, to require it to be certified to the Circuit Court, to be there disposed of as that court may see fit. (Houston & Texas Central R. R. Co. v. Crawford, 31 S. W. Rep., 178.)

No reversible error is shown in the third assignment. There was no pretense that there was any liability against the Electric Company. Whatever judgment in the case was rendered was only against the receiver.

We find no error in the record, and the judgment is affirmed.

*Affirmed.*

Writ of error refused.