John Norton, *Treasurer,* Jasper Nelson, *Sheriff of Greer County* and The Board of County Commissioners of Greer County v. The Choctaw, Oklahoma & Gulf Railway Company.

(Filed February 15, 1906.)

TAXES—When Due—When Delinquent. Sec. 101, art. 10. chap. 75 Wilson's Annotated Statutes of Oklahoma construed. In this Territory one ·half of all the tax is due on the 15th day of December of the year in which the property is assessed. If one half be paid on or before that date, the remaining half does not become due and collectible until the 15th of June of the calendar year following. If one half of the tax be not paid by the 15th of December, the whole amount of the tax becomes delinquent on the third Monday in the January following the assessment.

(Syllabus by the Court.)

*Error from the District Court of Greer County; before James K. Beauchamp, Trial Judge.*

*Charles M. Thacker, County Attorney,* for plaintiffs in error.

*M. A. Low, Blake, Blake & Low,* and *Garrett & Garrett,* for defendant in error.

Opinion of the court by

Pancoast, J.: This is an appeal from the action of the trial court, overruling a demurrer to the petition of plaintiffs below, and rendering judgment, enjoining defendants below from collecting the last half of taxes duly assessed and

lawfully charged against the plaintiffs in Greer county, for the year 1902.

The sole question presented for determination is: When are taxes due, and when do they become delinquent, under section 101, article 10, chapter 75, of Wilson's Annotated Statutes of Oklahoma?

The provision requiring construction is:

"One half of all the taxes shall be due on the fifteenth day of June and the fifteenth day of December of each year, and on the third Monday in January following the assessment of taxes, all unpaid taxes shall become delinquent."

Counsel for plaintiffs in error contends that this section of the statute should be construed as inoperative, so far as it seeks to make the first half of the tax due on June 15th, before the July levies are made, and that it should be construed to mean the whole amount of the taxes becomes due on December 15th, next following the assessment; while, on the other hand, the defendant in error assumes the position that the legislature which passed the section quoted, had in mind the fiscal year, and in fact intended that one half of the tax should be due on December 15th of the calendar year, the remaining half due on the 15th of June following; provided, however, that if the first half is not paid on or before the 15th day of December, the whole amount becomes delinquent on the third Monday of the succeeding January.

When, under a statute entailing upon public officers the performance of cetrain duties, it is to be determined in what manner and by what method the provisions thereof shall be executed and carried into effect, a reasonable construction would require reference to those statutes bearing upon the practical operation of the matters involved.

In connection with this case, those statutes to which the court should and will look for information and aid in construction are those controlling the method of establishing the rate of taxation in the various counties, the manner of making the levy after such rate is established, the compilation of the tax lists, and their transmission to the treasurer, and the process of collection of the tax so assessed and levied, when such essential, preliminary steps shall have been taken

By act of March 8, 1895, the legislature imposed upon the governor, territorial secretary and territorial auditor the duty of assessing all the property of such companies as are concerned in the action before us, provided certain regulations for the proper performance of such duties, fixed the first Monday in March as the time therefor, and by a later section in the same act, required the board so formed to return to the various county clerks, on or before the first Monday in May, the assessment lists contemplated by the article. The county clerk is then required to certify to the proper officers, the amount of such assessment, and at the proper time to place such assessment on the particular tax roll of the county, subject to the same percent of levy, for different purposes, as other property.

By act of February 24, 1899, being sec. 5994 of Wilson's Statutes, a territorial board of equalization is formed, and its sittings fixed to commence on the third Monday in June in each year.

Section 5996 of Wilson's Statutes requires the territorial auditor to transmit to the county clerk of each county, a statement of the rate of taxation, as directed to be levied and collected by the territorial board of equalization, and the limit

beyond which this may not be done is the fourth Monday in June of each year.

Subsequent sections (5997-5998, Wilson's Statutes) prescribe the duties of the county commissioners, as to the preparation of itemized estimates of the necessary expenses for the ensuing year, fix the time for the performance of such duties at the regular meeting in July, and direct that on the third Friday in July, the board of county commissioners shall make the levies of taxes for the ensuing year, with permission to adjourn such meeting, not to exceed ten days, if the statement from the territorial board of equalization, heretofore mentioned, has not been received.

By act of March 11, 1897, (Sec. 5999, Wilson's Statutes) amending sec. 5629 of the statutes of 1893, it is made the duty of each county clerk to make up proper tax lists, in accordance with the levies theretofore made by the county commissioners, and under section 6000, Wilson's Statutes, such tax lists, when completed, shall be delivered to the county treasurer, on or before the first day of November following the date of the levy for the current year.

Here, then is provision for a connected series of acts, the culmination of which is the actual collection and receipt of the revenue. These are merely the preparatory devices by which the collection of the taxes may be facilitated, and an adequate record thereof provided for. They are links in the chain of the duties of those officers charged with proper care of such matters, the various inter-dependent processes by which a uniform system of taxation is secured and maintained

It is only by reference to these statutes, inseparable to a proper construction of the one section before us, and each

bearing upon and influencing its consideration, that a fair and reasonable interpretation of the legislative intent can be arrived at.

And by such reference to the various contemporaneous enactments, and to those other provisions which throw light upon the intent of the legislative assembly, it will at once be observed that these various provisions carry the time when taxes may be paid and when the amount thereof can be lawfully ascertained, to a time long after the fifteenth day of June of the calendar year, in which the taxes are levied.    The most cursory examination of these statutes discloses the impossibility of performance of the duties imposed thereby, and the completion thereof, within the time a literal contruction of the section here in question would declare one half of the tax to be due and receivable.    The legislature can have intended only the natural, logical and reasonable application of its enactments, and to give to the section quoted an operation only in rigid conformity with the language there employed, unaided by other statutes in *pari materia,* would be to impose conditions impossible of performance, defeat the legislative expression and render the statute itself ineffective.

By the phrase "on the third Monday in January following the assessment of taxes, all unpaid taxes shall become delinquent," is meant only such taxes as are at that time due and unpaid, and its practical operation is this:

If one half of the tax levied is not paid by December 15th of each year, then upon the third Monday of January following, the whole amount of the taxes shall be held to have become delinquent.    If, however, one half of the tax be paid on or before the 15th of December, the remaining half cannot be held to be due before the 15th of June of the cal-

endar year. following.   This we think the reasonable. interpretation of the law, and one by which practical effect may best be given to the intention of the body enacting it.

Contemplation   of the   results which   might follow a literal adherance in construction to the language employed in the particular statute is sufficiently convincing that the legislative authority had no thought of insistence on the liberal, unauthorized construction contended for by plaintiff in error, but, on the contrary, that a construction following along the equitable middle course should prevail.

For the reasons herein given, the judgment of the court below is affirmed.

Beauchamp, J., who presided in the court below, not sitting; all the other Justices concurring.