WARREN MAY, ADMINISTRATOR,

v.

HARRISON MAY.

*Negotiable Instruments—Gift—Advancement—Notes—Promise to Give —Evidence—Pleading.*

1. A gift not expressed or acknowledged in writing can not be deemed an advancement.

2. One claiming personal property as a gift by parol must make reasonably strict proof of the gift.

3. A naked promise to give, without some act to pass the property, is not a gift.

4. The maker of an absolute note can not show, as against the payee, a parol agreement at the time the note was given that it was to be paid conditionally.

5. It is not necessary that the grounds for a motion for a new trial be set forth in writing.

[Opinion filed June 13, 1890.]

IN ERROR to the Circuit Court of Lawrence County; the Hon. WM. C. JONES, Judge, presiding.

This suit was brought to recover the amount due on three notes for $3,400 each, bearing date August 7, 1885, payable respectively in two, three and four years with six per cent interest, made and delivered by defendant to his father, plaintiff's intestate. The defenses were the general issue, statute of limitations, set-off, payment. Plea, that intestate in his lifetime, on March 1, 1887, in consideration of natural love and affection, released and discharged defendant; and, lastly, a plea averring that at the time of the execution and delivery by defendant to said Jacob May of the notes, and as a material and substantial fact of the consideration for and upon which the defendant executed and delivered said notes, it was then and there expressly agreed by and between said Jacob May and defendant that said Jacob May should hold said notes during his natural life and should only require defendant to pay so much of the money in said notes mentioned, as he, said Jacob, should need for the maintenance of himself and family in his lifetime, and that at his death said notes were to be discharged and satisfied by the terms of said agreement without any further payment by defendant. Replications were interposed to the several pleas.

The jury found the issues for defendant. Plaintiff's motion for a new trial was overruled. Court entered judgment on the verdict and plaintiff brings up the record for review and asks that said judgment be reversed by this court.

The evidence introduced for defendant was substantially as follows: William May, brother of defendant, testified that the debt or claim for which notes were given, arose between the father and defendant for a stock of goods at Norris City. The date of that transaction was about 1871. "Do not know as to the amount of the original notes first given, but it was for Norris City stock of goods, and these new notes were given for that and interest. These notes were to be paid in full or to be paid if father called for them in his lifetime, otherwise they were not to be paid. This is what father told

me.  Last heard him speak about that the last of August or first of September, 1885.  He said he wanted the matter to stand as it was unless he called for the money in his lifetime. He told me they were not to be paid unless he called for the money in his lifetime."

Marion May, brother of defendant, testified: "Do not know, absolutely, the consideration for which the notes were given—think for the Norris City stock of goods.  This is renewal of old claim.  Don't know that I have personal knowledge from what father said or did as to agreement between him and Harry about the payment of these notes, but my understanding is that they were payable during his lifetime; that if he did not call for them during his lifetime they are not to be paid; but I don't pretend to state that he told me that directly.  I gathered that from his conversation. Understood these notes were given in renewal of the old notes given for the Norris City stock of goods.  We all had a settlement in August, 1885.  I gave him my notes about the same time."  This question was then asked: "You had the same understanding?"  Ans.  "Yes, sir.  I felt, though he did not tell us so, but I felt that is the way of it.  Father gave it as an advance to his children; he gave me money and took my notes, and I think he did so with the rest.  I think when he took the notes he intended that as a gift to Harry. I gather that understanding more from father's general course of dealing with all of us, and with Harry especially.  I don't know that he especially mentioned those particular notes.  My understanding was they were not to be paid unless, from some unfortunate cause, father should want them."

Warren May, plaintiff, and brother of defendant, testified : "Understand these notes were given as renewal notes for Norris City stock of goods.  My understanding is that when the old gentleman came to settle for the stock of goods, Harry gave him his notes for the stock.  It was a stock of goods that he took to sell out at Norris City."  Question : "That was intended rather as a gift to Harry?"  Ans.  "That is the way we always understood it.  I could tell better by what he done with the others."  Question.  "Tell the jury what

you understood about these notes." Ans. "My understand-
ing was these notes were not to be paid. I had given notes
and he told me that they were mine, not to be paid unless he
called for them in his lifetime, and he said the other boys
were to be the same. In talking to me he told me what he
intended to do with me, and said the other boys should be the
same. He said my notes were not to be paid unless he needed
them in his lifetime." He did not need the money in his
lifetime.

Mr. J. C. ALLEN, for plaintiff in error.

Mr. E. CALLAHAN, for defendant in error.

GREEN, J. We have reproduced in the foregoing statement
all the material evidence introduced on behalf of defendant,
and it will be at once apparent that it fails to sustain either of
the defenses set up. It appears the notes sued on were made
and delivered by defendant to plaintiff's intestate for a valu-
able consideration. Also that the suit was not barred by the
statute of limitations pleaded. And there is no evidence of
the payment of the whole or any part of the said notes. It
can not be claimed the release of the defendant from the pay-
ment of the notes or stock of goods was given as an advance-
ment, even if the evidence proved such release. All the
essential elements to constitute an advancement under the
statute are lacking. "No gift or grant shall be deemed to
have been made in advancement unless so expressed in writ-
ing or charged in writing by the intestate as an advancement,
or acknowledged in writing by the child or other descendant."
1 Starr & Curtis' Stat., par. 7, p. 883; Wilkinson v. Thomas et
al., 128 Ill. 363.

Nor does the evidence establish a gift by the father to the
son of the stock of goods, or of the debt evidenced by the
notes sued on. The goods were sold, not given, to the son,
and were delivered to the son as a purchaser and his notes
taken in payment, and the notes sued on were retained by the
intestate and were never delivered to the defendant. Giving

the evidence the most favorable construction for defendant, only an *intention* to give can be said to be proven, and much of the evidence that tends to prove this was incompetent, consisting of the conclusion and understanding of the witnesses, and is quite unsatisfactory. One claiming personal property as a gift by parol, ought to be held to make reasonably strict proof of the gift. Boudreau v. Boudreau, 45 Ill. 480. A parol gift of a chattel is incomplete without a delivery or something equivalent to delivery. Without such delivery no title passes. The donor must part with the possession and dominion of the property. The mere expression of an intention to give, or a naked promise to give, without some act to pass the property, is not a gift. People v. Johnson, 14 Ill. 341, and cases there cited; Blanchard v. Williamson, 70 Ill. 647; Fanning v. Russell, 94 Ill. 386; Williams v. Forbes, 114 Ill. 167.

There remain but the defenses in the two pleas last pleaded to be examined. No evidence supports the plea averring that the intestate in his lifetime, on March 1, 1887, in consideration of natural love and affection released and discharged defendant, even if the averments constituted a legal defense. The last plea also is not proven. It does not appear that at the time the notes were given there was an agreement, as averred, between the parties that the notes were not to be paid. But the plea itself is bad. To support it evidence would be required showing that by an oral contemporaneous agreement the notes, which were absolute promises to pay, were to be payable only on contingency. This can not be permitted. The maker of an absolute note can not show, against the payee, that by a parol agreement, made between the parties at the time such note was made and delivered, the note was to be paid only upon a certain condition not expressed in the instrument. Walker v. Crawford, 56 Ill. 444. A plea objectionable for like reasons as the one we are considering, is thus commented upon by our Supreme Court: "The plea, in substance, amounts to this—that it was verbally agreed, at and before the time the notes were executed, by the defendant and payee, that the defendant should not be required to

pay the note.   In considering this question the inflexible rule
of law is that the terms of a written contract can not be varied
by parol evidence.   Where a contract has been reduced to
writing, the prior and contemporaneous verbal agreements of
the contracting parties are merged in the written instrument,
and resort can only be had to the instrument itself to deter-
mine the terms and conditions of the contract, and the liability
of the parties." Weaver et al. v. Fries, 85 Ill. 356.   The
motion for a new trial should have been sustained, and the
verdict set aside.   It appears by the bill of exceptions such
motion was made, and exception taken to the overruling
thereof, and although it does not appear the grounds for such
motion were set forth in writing, yet, on the authority of
O. O. & F. R. R. Co. v. McMath, 91 Ill. 104, this was not
necessary.   But, we will add, this suit seems to have been
commenced by a declaration, filed July 12, 1889, and to the
August term, commencing August 6th.   The note due in four
years had not then matured, and no action to recover thereon
would then lie.   The appearance of defendant and waiver of
process did not give such right with respect to this note.
Also, if the declaration is correctly set forth in the transcript,
two notes for $3,400, each payable in *two* years, and a third
note payable in *three* years for same amount, are sued upon,
instead of notes maturing in two, three and *four* years, cor-
responding with the notes read in evidence.   When the cause
is redocketed, counsel for plaintiff can amend the declaration,
and dismiss as to the note due in four years.   The judgment
is reversed and cause remanded.

*Reversed and remanded.*