SMITH BROS. v. BRABHAM.

1. EVIDENCE.—If incompetent testimony is admitted without objection, it becomes competent, and if afterward the same kind of testimony is objected to and ruled out, that does not make the former inadmissible.
2. IBID.—Incompetent testimony brought out by a party will not afterward be ruled out on his motion.
3. IBID.—NOTES AND BILLS—ENDORSEMENT.—Parol evidence is inadmissible to vary, limit, or control the legal effect of an endorsement of a negotiable note before maturity.

Before EARLE, J., Hampton, October, 1896.    Affirmed.

Action by Smith Bros. against Louis L. Youmans and M. F. Brabham, on a negotiable note executed by Youmans to the order of Brabham, and by him endorsed in blank to the plaintiffs. Youmans was not served. Judgment for plaintiffs.

Defendant, Brabham, appeals on following exceptions:

1. Because his Honor erred entirely in sustaining the referee's report in this case.

2. Because the referee excluded parol testimony on the part of the defendant and admitted some on part of plaintiffs.

3. Because his Honor erred in sustaining the referee's report as to the admissibility of parol testimony to explain an endorsement; whereas he should have allowed the same.

4. Because his Honor erred in sustaining the referee's report, in this, that he held that the transfer was absolute and settlement in full of defendant's account, and yet gives judgment against defendant for full amount of said note.

5. Because his Honor erred in sustaining the referee's report, in refusing to take into consideration the letter written by plaintiffs to one of defendants, Youmans, in which they stated that the note had been transferred to them, and that the plaintiffs were owners thereof, and offered to discount same in said letter.

6. Because his Honor erred in sustaining referee's report, which excluded the receipt given by plaintiffs to defendant,

22—48

Brabham, which showed a settlement of all claims up to date, and a transfer or settlement in full up to date.

7. Because the report and findings of the referee, and the confirmation of the Court of the same, are contrary to all the law in this State and the facts of the case as elected.

*Mr. Jeff. Warren,* for appellant, cites: 7 Rich., 12.

*Mr. W. S. Tillinghast,* contra, cites: *Findings of fact by referee in law cases conclusive:* 33 S. C., 359; 38 S. C., 424. *On third point:* 18 S. C., 289; 24 S. C., 128; 5 Strob. L., 21.

Feb. 26, 1897. The opinion of the Court was delivered by

MR. CHIEF JUSTICE MCIVER. This was an action brought by the plaintiffs, as endorsees, to recover the amount due on a promissory note for $75.35, bearing date 1st of October, 1894, whereby L. L. Youmans promised to pay to the order of M. F. Brabham the said sum of money three months after the date of said note, which said note was transferred to plaintiffs by said Brabham, by endorsing his name thereon. It was referred to a referee to hear and determine the issues of fact and law in the case. The referee made his report, together with the testimony taken by him, from which it appears that the defendant, Youmans, was never served with the summons and complaint, and hence is not properly before the Court, though the "Case," as prepared for argument here, is entitled as above. The referee found that the defendant, Brabham, was justly indebted to plaintiffs in the amount mentioned in said note by virtue of his blank endorsement thereon, and he, therefore, adjudged that the plaintiffs have judgment against said Brabham for said amount and interest. To this report, defendant, Brabham, filed sundry exceptions, and the case was heard by his Honor, Judge Earle, upon said report and exceptions, who, in a short order, confirmed the report of the referee, and made the same the judgment of the Court. From this judgment the defendant, Brabham, appeals, upon the several grounds set out in the record, which should be incor-

porated in the report of this case. The facts of the case, as gathered from the report of the referee, by which alone the case must be determined, inasmuch as this Court has no jurisdiction to review the findings of fact in a law case, such as this is, may be stated substantially as follows: The defendant being the owner and holder of the note above referred to, and being indebted to the plaintiffs on an account about equal in amount to the note, endorsed the said note in blank, by writing his name on the back thereof, and delivered the same to plaintiffs, who gave to said Brabham a receipt for said note, "in settlement of account to date." This endorsement and transfer was made before the maturity of the note, to wit: on the 5th of November, 1894, and on that day plaintiffs wrote Youmans a letter, offering to allow him a discount of five per cent. on the face of the note, "if you will remit amount by return express," adding: "This offer is only open for this week." There is no evidence that this offer was either accepted or complied with, and, on the contrary, the evidence is that the note was presented for payment at maturity and payment thereof demanded; but such demand was not complied with, and Brabham was duly notified thereof. At the trial before the referee, the appellant, Brabham, offered parol evidence tending to show that at the time he endorsed the note, the understanding between him and the plaintiffs was that he did not thereby become liable to pay the note as endorser, but that he endorsed the note simply for the purpose of enabling the plaintiffs to sue the maker of the note, if he failed to pay it at maturity; but upon objection from the plaintiffs, this testimony was ruled to be incompetent.

This ruling constitutes really the only question raised by this appeal; for the complaint made by appellant in his second ground of appeal, that "the referee excluded parol testimony on the part of the defendant and admitted some on part of plaintiffs," is manifestly unfounded, for two reasons: 1st. Because such testimony, when offered by defendant, was objected to by plaintiffs,

and ruled out; whereas the testimony of one of the plaintiffs was not objected to when offered, and thereby became competent. 2d. Because the testimony of the plaintiffs as to whether there was any such understanding as that relied upon by appellant was brought out on the cross-examination of one of the plaintiffs by the appellant.

So, also, as to the points raised by the fourth, fifth and sixth grounds of appeal, it is clear that they are entirely immaterial. The fact that plaintiffs gave Brabham a receipt acknowledging the settlement of his account by the transfer and endorsement of the note, so far from relieving the appellant from liability as endorser on the note, rather tended to show the contrary, as it afforded the plaintiffs additional security for the payment of the amount due them by Brabham. As to the letter of plaintiffs to Youmans, we are unable to perceive its relevancy to the case. If the plaintiffs, in order to obtain more prompt payment of the debt due them, saw fit to offer Youmans the opportunity of paying the note, which was not then due, but had about two months to run, at a discount, we do not see how that could in any way affect the liability of the appellant, as endorser. If the offer had been complied with by Youmans, that would have relieved Brabham, as endorser, but as it was not complied with, it had no effect whatever upon Brabham's liability, as endorser, as such liability would not be fixed until the maker had failed to pay the note at maturity.

As to the first and seventh grounds of appeal, they are manifestly too general to require any further notice.

We come then to the question raised by the third ground of appeal, to wit: Whether it is competent, by parol evidence, to vary, limit or control the legal effect of an endorsement of a negotiable note before maturity. This question has been so conclusively determined by authority adversely to the view contended for by appellant, that we need only cite the cases to that effect. In

*Martin* v. *Cole*, 104 U. S. Rep., 30, this question was elabo-- rately discussed by Mr. Justice Matthews and the authorities reviewed, and it was there held that in an action against a party upon his endorsement in blank of a negotiable prom- issory note, evidence of a contemporaneous parol agreememt that the endorsement was without recourse, is inadmissible. To same effect, see *Price* v. *Perry*, 2 M. Con. Rep., 32, and *Bank* v. *Gary*, 18 S. C., at page 289. Even in the case of the endorsement of a note *after maturity*, where more lati- tude is allowed, it was held by such Judges as Nott, Grimke, Cheves, Colcock, and Johnson, in the case of *Rugely* v. *Davidson*, 2 M. Con. Rep., 33, that such testimony was inad- missible. See, also, *Diercks* v. *Roberts*, 13 S. C., 338.

The judgment of this Court is, that the judgment of the Circuit Court be affirmed.