[No. 11222.   Department Two.   October 9, 1913.]

FIRST NATIONAL LIFE ASSURANCE SOCIETY OF AMERICA,
Respondent, v. FRANK S. FARQUHAR et al.,
Appellants.[1]

PRINCIPAL AND AGENT — ACTIONS — NOTE — NAME OF AGENT.   The principal may sue upon a promissory note taken by and in the name of his agent, although the note was not indorsed, where he alleges that he was the sole and exclusive owner of the note.

BILLS AND NOTES—CONTEMPORANEOUS ORAL AGREEMENT—ADMISSIBILITY—PLEADING.   In the absence of fraud or mistake, evidence of a contemporaneous oral agreement is not admissible for the purpose of limiting the liability upon a promissory note; hence an answer setting up the same is properly stricken.

APPEAL—HARMLESS ERROR.   Error cannot be predicated upon a ruling upon a demurrer, where the demurrer and ruling were subsequently withdrawn and a trial had on the merits.

STIPULATIONS—RELIEF FROM—DISCRETION OF COURT.   It is not an abuse of discretion to relieve a plaintiff insurance company from a stipulation settling the issues in the case, where after the same was entered into, plaintiff learned that a note alleged by the defendant to have been given by plaintiff as a payment was in fact given by an agent in his own name without authority and had nothing to do with the issues of the case.

APPEAL—REVIEW—FINDINGS—NECESSITY OF STATEMENT OF FACTS.   In the absence of a statement of facts, findings that an application for insurance and notes given for the purchase of stock are separate transactions, are conclusive, and preclude the claim that they were one transaction and void as forbidden by law.

Appeal from a judgment of the superior court for Pierce county, Clifford, J., entered July 19, 1912, upon findings in favor of the plaintiff, after a trial on the merits before the court without a jury, in an action on promissory notes.   Affirmed.

*Browder D. Brown* (*J. W. A. Nichols*, of counsel), for appellants.

*Hudson, Holt & Harmon*, for respondent.

[1]Reported in 135 Pac. 619.

MAIN, J.—The complaint in this case contains two causes of action, separately stated. Each action is based upon a promissory note. In the first cause of action, aside from formal parts, it is alleged, that on the 23d day of October, 1909, the defendant, Frank S. Farquhar, made, executed, and delivered to T. D. Collis, as agent for the plaintiff, a promissory note in the sum of $368.90, the note being set out *in extenso;* that, at the time the note was executed and delivered, T. D. Collis, named as payee therein, was the agent of the plaintiff; that the real payee was the First National Life Assurance Society of America, the plaintiff herein; that the plaintiff was the owner and holder of the note; that the note was given on behalf of the community composed of Frank S. Farquhar and Minnie E. Farquhar, his wife; that no part of the same has been paid, except that on May 24, 1910, interest amounting to $17.21 had been paid.

The second cause of action is based upon a note for the sum of $850. The other allegations of this cause of action are substantially the same as those of the first.

To these causes of action, the defendants demurred, on the general ground that in neither of them were the facts sufficient to constitute a cause of action. These demurrers were overruled. Thereupon the defendants answered by admissions, denials and affirmative defenses; the affirmative defenses in substance being, that the notes had been given to one Collis, the agent for the plaintiff, in payment for a policy of insurance and certain shares of stock in the plaintiff company, which shares were sold to the defendants at a special price as an inducement to take out the policy of insurance; and also that the plaintiff in the same transaction had given to the defendants its note for the sum of $100, to be used in part payment on the notes sued upon in the second cause of action; and that these several agreements were not contained in the policy of insurance. The plaintiff moved to strike a portion of the affirmative matter, and the motion was sustained. The defendants then filed an amended answer in

which an affirmative defense was pleaded. To the affirmative defense, the plaintiff interposed a demurrer, which was sustained. The defendants then filed a second amended answer and affirmative defense, to which a demurrer was sustained. Thereupon, and on March 6, 1912, the parties, by their respective counsel, entered into a stipulation for the purpose, as it recites, of simplifying the issues and lessening the expense of the trial, and of an appeal, if an appeal should be taken. The plaintiff then made a motion for judgment upon the pleadings and the stipulation, and noted the same for argument on the 9th day of March, 1912. At the conclusion of the argument, the cause was not decided, for the reason that counsel for the respective parties were to submit written briefs.

On March 23, 1912, and before anything further had been done in the cause, the plaintiff filed a motion, supported by affidavits, for leave to withdraw the demurrer which had been sustained to the affirmative defense in the second amended answer, the order sustaining the same, and the stipulation of March 6, 1912, as well as the motion for judgment on the pleadings. This motion was granted and the plaintiff was given ten days in which to file a reply, which it subsequently did. Thereafter the cause came on for trial upon the merits before the court sitting without a jury. At the conclusion of the trial, the court made and entered its findings of fact, in which the facts as found are substantially the same as those stated in the complaint; and in addition thereto it was found that, on or about the time when the application for stock was made by the defendant Frank S. Farquhar, and at the time of the execution and delivery of the $850 note, T. D. Collis executed and delivered to Farquhar his individual promissory note in the sum of $100, with the understanding that the sum should be paid upon the purchase price of the stock, reducing the price thereof from $850 to $750; and that the execution and delivery of this note by Collis to the defendant was without the knowledge or consent of the plaintiff com-

pany.   Judgment was entered for the plaintiff upon both
causes of action.   The defendants have appealed.

No statement of facts has been filed in this court.   The
cause is therefore here to be considered upon the clerk's tran-
script.   The questions to be determined upon this appeal are:
First, did the complaint state causes of action?   Second, was
it error to strike from the affirmative defense in the original
answer?   Third, did the trial court abuse its discretion in per-
mitting the withdrawal of the stipulation?   And fourth, was
the transaction forbidden by law and therefore void?

I.   The complaint alleged that T. D. Collis was the agent
of the respondent, which was the real payee of the note, and
that the respondent was the sole and exclusive owner thereof.
Where an agent takes a promissory note payable to himself,
but his principal is the real payee, the latter may sue upon the
note, even though it is not formally indorsed.   *Stinson v.
Sachs*, 8 Wash. 391, 36 Pac. 287.

II.   It is argued that the trial court erred in granting the
motion to strike from the affirmative defense in the original
answer, and in sustaining the demurrer to the affirmative de-
fense in the first and second amended answers.   The matter to
which the motion was directed was the allegation of a contem-
poraneous agreement, apparently oral, which, if true, would
modify the liability upon the promissory note given at the
time.   It is well settled that, in the absence of fraud or mis-
take, evidence of a contemporaneous oral agreement is not
admissible for the purpose of limiting the liability upon a
promissory note.   In *Anderson v. Mitchell*, 51 Wash. 265, 98
Pac. 751, it is said:

"It has been repeatedly held by this court that, in the ab-
sence of fraud or mistake, it is incompetent for one who signs
a promissory note as principal to set up an independent col-
lateral agreement limiting or exempting him from liability.
He is bound by the terms of his obligation."

There was no error in sustaining the demurrer interposed
to the affirmative matter in the first and second amended an-

swers. These affirmative defenses were substantially the same. As appears by the facts stated, the court subsequently permitted the respondent to withdraw its demurrer and file a reply, after which the cause went to trial on the merits. Obviously, under such circumstances, no error could be predicated upon the ruling as to the demurrer.

III. It is contended that the ruling of the court was error in permitting the respondent to withdraw from the stipulation which it had previously entered into. The rule as to when the trial court should exercise its discretion to relieve a party litigant from a stipulation, as stated in 36 Cyc. 1295, is:

"In order to warrant the court in interfering to relieve a party from a stipulation there must be a showing of fraud, collusion, mistake, accident, or surprise. But although the court will always relieve a party from a stipulation on the ground that it was induced by fraud, fraud, collusion, or bad faith need not appear in every case, since the court, by reason of the broad equitable powers which it has over its own proceedings, may set aside a stipulation in any case where it would be inequitable to enforce it, as where it was entered into under a mistake or misunderstanding as to a fact or circumstance connected with the subject-matter."

In the present case, the appellants, in one of their affirmative defenses, alleged that the $100 note, previously mentioned herein, was given by the respondent to be used as a part payment. Subsequently, as stated in the affidavit, the respondent learned that the note was in fact given by T. D. Collis, and apparently had nothing to do with the issues in the case. Thereupon these facts were set out in the affidavit as supporting the motion to be relieved from the stipulation. Under the circumstances, we think the trial court did not abuse its discretion in entering an order setting aside the stipulation and requiring the cause to go to trial upon the merits.

IV. It is also claimed that the application for insurance and the application for the purchase of stock were one and the same transaction, and that the notes are therefore void

because such a transaction is forbidden by law. As supporting this view Rem. & Bal. Code, §§ 6141, 6142 and 6143, are cited. It is there provided, among other things, that no insurance company doing business in this state shall make any distinction or discrimination in favor of individuals who are insurants of the same class. The answer to this argument is that the trial court found that, in the application for insurance, Frank S. Farquhar agreed with the respondent that the application for insurance, and the policy when issued, should constitute the entire contract between the parties relating to the insurance; and also that the $850 note was given in compliance with the terms of a written application for stock. The trial court in the findings treats the application for insurance and the application for stock as separate transactions. It is true that these findings were excepted to by the appellants; but inasmuch as no statement of facts has been brought to this court, they are not open here to review. The only question which we can consider upon the findings of fact is whether or not they sustain the judgment, and on this question we think there can be no doubt.

The judgment will therefore be affirmed.

CROW, C. J., ELLIS, and MORRIS, JJ., concur.