F. A. FORBES, *Plaintiff in Error*, v. THE FORT LAUDERDALE MERCANTILE COMPANY, A CORPORATION, *Defendant in Error*.

Opinion Filed January 23, 1922.

1. In a suit upon a promissory note a plea that defendant did not promise as alleged is inapplicable and should be stricken.

2. Where fraud is relied upon in any pleading, facts constituting such fraud should be specially pleaded and the allegations or averments with respect thereto should be specific. If this is not done such pleading will be held insufficient and upon motion will be stricken.

3. Although fraud generally is averred as a defense to an action, if the facts averred upon which the charge of fraud is based do not constitute fraud the pleading may be stricken upon the ground that it states no defense to the action.

4. In an action upon a promissory note a plea of want of consideration which merely avers that there was no consideration for the note is insufficient because it amounts to a plea of the general issue, which is forbidden in an action of this kind.

5. Where a plea of want of consideration in an action on a promissory note in setting out the facts and circumstances connected with the transaction avers a contemporaneous,

independent, parol agreement between the parties not sus-. ceptible of legal proof as constituting the alleged want of consideration, it will be held insufficient and upon motion will be stricken.

6. In an action by the payee upon an unambiguous promissory note against the maker, a plea averring as a defense thereto a parol, contemporaneous, collateral agreement between the parties exempting the maker from liability thereon, sets up no defense to the action and upon motion will be stricken.

7. A party cannot, either at law or in equity, contradict or vary the terms of his written unambiguous contract by showing that notwithstanding he signed such contract it was with the understanding resting in parol that he was not to be bound by its terms, and a plea averring such defense to an action upon such written contract will upon motion be stricken because it sets up no defense to the action susceptible of legal proof.

8. Where pleas filed by a defendant are clearly insufficient as a defense to the action to which they are interposed, the fact that the method employed to test their sufficiency was technically erroneous cannot be said to have been harmful to defendant.

A Writ of Error to the Circuit Court for Palm Beach County; E. B. Donnell, Judge.

Affirmed.

*C. E. Farrington*, for Plaintiff in Error;

*Maxwell Baxter* and *C. L. Chancey*, for Defendant in Error.

WEST, J.—This is an action brought by defendant in error as plaintiff against plaintiff in error as defendant

on a promissory note made by defendant payable to plaintiff. The following is a copy of the note:

"$537.58/100. Fort Lauderdale, Florida, Feb. 11, 1918. One year after date I promise to pay to the order of the Fort Lauderdale Mercantile Company Five Hundred Thirty-seven, 58/100 Dollars at The Fort Lauderdale State Bank, of Fort Lauderdale, Florida; for value received, with interest after date at the rate of eight per cent. per annum until paid. The drawers and endorsers severally waive presentment for payment, protest and notice of protest and non-payment of this note.

"And should it become necessary to collect this note through an attorney, either of us, whether maker, security or endorser on this note, hereby agrees to pay all costs of such collection, including a reasonable attorney's fee.

Due Feb. 11, 1919.                    F. A. FORBES."

The declaration states the cause of action substantially in the form prescribed by statute. The amount sought to be recovered is the principal of the note, less a small payment alleged to have been made thereon, with interest and attorney's fee as provided for by the note. To the declaration two pleas were filed. These pleas were demurred to by defendant. Upon a hearing this demurrer was sustained by the court. Other pleas were filed by the defendant. Upon motion of plaintiff these pleas were stricken. Thereupon judgment by default and final judgment were entered for plaintiff against defendant.

The orders sustaining the demurrer to the first pleas, granting the motion to strike the second pleas, and the entry of final judgment by the court against defendant are assigned as errors.

The first pleas which were held insufficient on demurrer are the same in substance as the second and third pleas which were stricken on motion, so that if it should be found that there was no error in the motion striking the latter pleas it would necessarily follow that there was no error in the order sustaining the demurrer to the former.

The first plea stricken avers that defendant did not promise in manner and form as alleged in the declaration. This plea is inapplicable to an action of this character and was properly stricken. Williams v. Peninsular Grocery Co., 73 Fla. 937, 75 South. Rep. 517; Bemis v. McKenzie, 13 Fla. 553.

The second plea avers that the note sued on was obtained from defendant by fraud and circumvention consisting in a representation by plaintiff's manager to defendant that it, the plaintiff, held a claim of some sort against Forbes Pioneer Boat Line and requested defendant to give to plaintiff a note for the amount of such indebtedness, that such note would help the appearance of plaintiff's books and that plaintiff would hold defendant harmless on such note; that acting under and confiding in this promise the note sued on was given.

The rule is that where fraud is relied upon in any pleading the averments must be specific and the facts constituting such fraud must be "specially pleaded." Rule 66, Rules of Circuit Court—LawActions. If this is not done the plea will be held insufficient. Heathcote v. Fairbanks, Morse & Co., 60 Fla. 97, 53 South. Rep. 950; Langston v. National China Co., 57 Fla. 92, 49 South. Rep. 155; McClinton v. Chapin, 54 Fla. 510, 45 South. Rep. 35, 14 Am. & Eng. Ann. Cas. 365; Mutual Loan & Building Assn. v. Price, 19 Fla. 127.

If the specific facts averred in a plea upon which the charge of fraud is based do not constitute fraud, the plea states no defense to the action. It may be that the facts averred in this plea if proved would show that the note sued upon was given by defendant as an accommodation to the Forbes Pioneer Boat Line and that plaintiff promised to hold him harmless upon same. But such a transaction is not necessarily fraudulent. It may be perfectly consistent with honest dealings between individuals. At the most it was no more than a false promise by plaintiff. Rivers v. Brown, 62 Fla. 258, 56 South. Rep. 553. This being the case the specific facts averred do not support the general charge of fraud and circumvention contained in the plea but rather negative such charge. The plea was therefore wholly insufficient. It set up no defense to the action and there was no error in the order striking it.

The third plea avers that the note sued on "was given without any consideration moving from plaintiff to defendant; that plaintiff by its manager advised defendant that plaintiff company held a claim against the Forbes Pioneer Boat Line, a corporation; that the same was an open account and was long past due and unpaid and that it did not look well upon plaintiff's books and reflected upon the management of said corporation, and requested defendant to sign a note in the amount stated in said exhibit to plaintiff's declaration, for the purpose of making the books of said corporation look better; that he would look to the Forbes Pioneer Boat Line for the payment of same; that same was not given to plaintiff as a promise to pay the debt to said corporation when made or to personally guarantee the payment thereof by defendant, and that the acceptance of said note by plaintiff was not in consideration

of any forbearance to or release of said Forbes Pioneer Boat Line and that no security was given by plaintiff to said Forbes Pioneer Boat Line as a result of the execution of said note, and that no forbearance to sue was thereby indulged by plaintiff, and that defendant has received no advantage and plaintiff no detriment by reason of the execution and delivery of said promissory note.'' There is no averment of fraud or mistake in this plea. The general averment that the note was given without consideration, in the absence of additional averments of facts or circumstances connected with the transaction showing want of consideration, may be disregarded because wholly insufficient as a plea of want of consideration. Ahren & Hyer v. Willis, 6 Fla. 359. The facts and circumstances set out in the plea do not support the general averment of want of consideration. While admitting that defendant made and delivered to the plaintiff the note sued on, it attempts to set up as a defense to the action an independent, contemporaneous parol agreement between the maker and payee to the effect that the note should not be binding and enforceable against defendant, the maker, and exempting him from any liability thereon. It contradicts the solemn, formal engagement of defendant in writing to pay unconditionally to plaintiff a definite sum of money at a given future time.

The plea amounts to nothing more than an attempt to contradict or vary the terms of a valid written instrument by averring the existence of a collateral, contemporaneous parol agreement, evidence of which is according to the familiar rule excluding it, inadmissible. 2 Enc. of Ev. p. 453; Bacon v. Green, 36 Fla. 325, 18 South. Rep. 870; Haworth v. Norris, 28 Fla. 763, 10 South. Rep. 18; Harrell v. Durrance, 9 Fla. 490; First National Life Assurance

Society v. Farquhar, 75 Wash. 667, 135 Pac. Rep. 619; Anderson v. Mitchell, 51 Wash. 265, 98 Pac. Rep. 751; Burnes v. Scott, 117 U. S. 582; Bright v. Keneflick, 94 Ill. App. 137; May v. May, 36 Ill. App. 77; Gillman v. Henry, 53 Wis. 465, 10 N. W. Rep. 692; Bohn Mfg. Co. v. Reif, 116 Wis. 471, 93 N. W. Rep. 466; Smith v. Youmans, 48 S. C. 337, 26 S. E. Rep. 651; Bomar v. Rosser, 131 Ala. 215, 31 South. Rep. 430. This plea set up no defense to the action susceptible of legal proof and there was therefore no error in striking it upon motion of plaintiff.

We do not overlook the recognized distinction between motions to strike and demurrers to pleas for the purpose of testing them.   Southern Home Ins. Co. v. Putnal, 57 Fla. 199, 49 South. Rep. 922.   And while it may have been that the stricken pleas in this case should have been tested by demurrer, they are so clearly insufficient as a defense to the action that a technically erroneous method of testing their sufficiency cannot be said to have been harmful to the defendant.   Charles v. Young, 74 Fla. 298, 76 South. Rep. 869; Hooker v. Forrester, 53 Fla. 392, 43 South. Rep. 241.

The declaration was filed on March 22, 1920.   The order striking defendant's pleas was made on January 6, 1921. On January 20, 1921, on motion of plaintiff a judgment by default was entered against defendant, and on the same day upon proof filed final judgment was entered for plaintiff against defendant.   There was no application by defendant to have this judgment by default opened and set aside and writ of error was taken from this court on July 7, 1921, to review the judgment entered.   Error is assigned upon the action of the court in entering judgment against defendant.   There was no error in this action. Ten months intervened from the date of the filing of the

declaration to the date of the entry of the judgment within which time defendant might have filed pleas to the declaration. This would seem to be ample time for preparation of a defense to an action such as this. It will be assumed that no other defense than that attempted to be set up by the pleas filed was available and that the trial court being advised in the premises properly terminated the litigation. Forrester v. Hooker, supra. The judgment will be affirmed.

Affirmed.

BROWNE, C. J., AND TAYLOR, WHITFIELD AND ELLIS, J. J., concur.

WHITFIELD, J.—Concurring.

It is a well settled rule that parol evidence is not admissible to vary or contradict the terms of a written instrument, and a written contract which is intelligible on its face must control. McNair & Wade Land Co. v. Adams, 54 Fla. 550, 45 South. Rep. 492; Rivers v. Brown, 62 Fla. 258, 56 South. Rep. 553; Solary v. Stultz, 22 Fla. 263.

A plea which avers a contemporaneous oral agreement that contradicts the promise contained in an unambiguous negotiable note is not a defense to an action on the written instrument, since the contradictory parol agreement cannot legally be adduced in evidence to prove the averments of the plea. This rule does not exclude pleas averring a want or failure of consideration. 22 C. J. 1164.

The third plea does not aver a contemplated consideration that was not realized, which may be permissible (Odlin v. Stuckey, 76 Fla. 42, 80 South. Rep. 291); but in effect the plea avers that the execution of the note was predicated

upon an indebtedness of a corporation and the contemporaneous oral agreement of the manager of the plaintiff "that he would look to the" corporation "for the payment of" the note, which oral agreement contradicts the terms and legal effect of the note, and is inadmissible in evidence, therefore the plea setting up such oral agreement is demurrable. See 22 C. J. 1169; Burnes v. Scott, 117 U. S. 582, 6 Sup. Ct. Rep. 865; Kulenkamp v. Groff, 71 Mich. 675, 40 N. W. Rep. 57, 1 L. R. A. 594. The averments of the plea as to want of consideration do not make permissible the other averments contained in the plea, which violate the rule excluding contemporaneous oral agreements that contradict the legal effect of a written instrument 22 C. J. 1169. If a benefit results to the corporation, there may be a consideration for the note. 8 C. J. 214. If the one plea sets up separate conflicting defenses it was subject to motion.

In Odlin v. Stuckey, *supra*, the contemporaneous oral agreement set up in the plea of failure of consideration, did not contradict the note sued on.

BROWNE, C. J., concurs.