R. L. ANDERSON, JR., *Plaintiff in Error*, VS. JULIA K. AX, *Defendant in Error*.

139 So. 798.

Division A.

Opinion filed February 18, 1932.

*Hampton & Greene,* for Plaintiff in Error;

*Wallace E. Sturgis,* for Defendant in Error.

BUFORD, C.J.—Julia K. Ax, a widow, filed suit against R. L. Anderson, Jr., on what appeared to be a promissory note in the sum of $10,085.00 payable one year after date.

Anderson filed four pleas to which demurrer was sustained. Thereafter he filed two amended pleas under which he sought the benefit of section 4690 R. G. S., 7676 C. G. L., upon the theory that the note sued upon was

not delivered for the purpose of giving effect thereto. These amended pleas are in words and figures as follows, to-wit:

"Comes now the defendant, R. L. Anderson, Jr., and for second Amended Pleas herein to the plaintiff's Declaration, and each count thereof severally, says:

*FIRST:* For a First Amended Plea, defendant says that the note sued upon herein has never been delivered to the plaintiff as an obligation of this defendant, but was placed in the hands of plaintiff under an agreement between the plaintiff and the defendant that the said note should not become an obligation of this defendant except upon the following conditions, that is to say:

That a short time prior to the time of the making of said note defendant and certain other persons were negotiating for the purchase of certain property in Ocala at a price of approximately Ninety-three Thousand ($93,000.00) Dollars, a part of the consideration for which was to be paid in cash and the remainder by the execution of notes secured by mortgage, and the plaintiff herein requested defendant to procure for her the consent of the other persons at interest to become one of the purchasers of said property, and offered to put up a proportionate part of the purchase price of said property, to-wit: the amount of the said note sued on herein, in cash, and become bound with the other parties in interest for her part of the purchase price remaining unpaid to the vendors, if she should be permitted to become associated with the defendant and other persons negotiating for the purchase of said property; that at said time property was rapidly changing hands, and it was the intention of the parties including the plaintiff, to resell the said property as soon as a satisfactory sale for the same could be found; that it was believed by all parties that the same could be resold at a profit of not less than ten per cent within a very short time, and defendant agreed with the plaintiff to look after her interest in the property, and to assure her a profit of

ten per cent on her investment when the said property could be sold; that it was agreed between the parties and the Southern Florida Realty Company that the title to said property should be taken in the name of the Southern Florida Realty Company in trust for the parties at interest, and the said Southern Florida Realty Company agreed to accept said trust and hold said property, which was done as a matter of convenience among the parties interested. Defendant says that the parties interested in said purchase agreed for the plaintiff to acquire an interest in said property, and thereafter the said negotiations were closed, the property purchased and title taken in the name of the said Southern Florida Realty Company who gave back to the vendors its mortgages upon said property to represent the balance of the purchase price, the plaintiff paying the amount of said note as her part of the cash payment for same. That shortly after the closing of said transaction, plaintiff requested defendant to give to her some evidence of her payment on account of the purchase price of the property, to show her interest as well as the agreement on defendant's part to look after plaintiff's interest in the lands, and to assure to her the said profit on sale being made, and defendant then for the purpose only of representing and showing said amount, and assuring to the plaintiff her interest in the property, as well as the agreement to obtain for her said profit, executed and delivered to her the note sued upon herein, which was also executed jointly with him by the Southern Florida Realty Company. That defendant was not indebted to the plaintiff in any sum of money whatsoever; that the said note was not intended between the parties to represent any indebtedness whatever and did not represent any indebtedness of defendant to the plaintiff, but was given only as a memorandum showing the amount plaintiff had paid on account of the purchase of said property, and to evidence her interest as aforesaid. That it was agreed between the plaintiff and the defendant that the plaintiff should hold said note and when the said property was sold, said note should be returned to the defendant if said

property sold for sufficient to pay to the plaintiff the amount she had put into it, together with a profit of, ten per cent and if the said property should not sell for sufficient to pay the said amount plus ten per cent profit, that plaintiff should credit said note with the amount so received from the sale of the property, less ten per cent of the amount put in and hold said note so credited, as the obligation of defendant for the difference between the face of said note, plus ten per cent and the amount actually received from the sale of the property, so that the plaintiff should receive the total amount of cash put into the property, plus a profit of ten per cent. Defendant says that the said property has not yet been sold, although all reasonable efforts have been made to sell the same, and plaintiff still has and holds her interest in the property.

WHEREFORE, Defendant says that the said note has never been delivered to the plaintiff as an obligation of defendant, and that plaintiff does not hold the said note as an obligation of this defendant, but only for the purposes hereinabove set out, and that she ought not further have and maintain this action against defendant.

*SECOND:* For a second and further Amended Plea, defendant says that the note or obligation sued upon herein is wholly without consideration in this: that the said note was delivered to the plaintiff only as a memorandum of the amount which the plaintiff had put into the purchase of certain property in the City of Ocala, the title to which was taken in the name of the Southern Florida Realty Company in trust for the plaintiff and other purchasers of the property, by agreement between the plaintiff, the other parties interested, and the said Southern Florida Realty Company, and that the same was not intended to and did not represent any indebtedness of this defendant to the plaintiff, because defendant says he was not at said time and is not now indebted to this plaintiff in any sum of money whatsoever; by reason of which said note or obligation was or is, wholly without consideration moving between this defendant and the plaintiff.''

Demurrer was interposed to these pleas and, upon the same being sustained, final judgment was entered against the defendant.

We think that the contention of plaintiff in error that his plea showed a conditional delivery of the note, or the delivery for a special purpose only, is not tenable. Had the note been delivered upon condition that it should become the property of the payee upon the happening of certain events, and those events did not happen, there would have been a conditional delivery which would not be effective to pass the property in the note to the payee, or if the note had been delivered to the plaintiff for the special purpose of carrying out some particular proposed transaction, and that purpose was not accomplished, the failure of the accomplishment of the purpose would prevent the note passing to the payee.

We have here, however, a different case. Here the plea attempts to set up as a defense to the action an independent contemporaneous parol agreement between the maker and the payee to the effect that the note should not be binding and enforceable against the defendant, the maker, and exempting him, under certain conditions, from any liability on the note while, under other conditions, he was to remain liable thereon for some indefinite and unfixed sum. The pleas amount to nothing more than an attempt to contradict and vary the terms of the valid written instrument by averring the existence of the collateral contemporaneous parol agreement, evidence of which would be entirely inadmissible on trial.

A like question was presented in the case of Forbes vs. Ft. Lauderdale Mercantile Co., 83 Fla. 66, 90 Sou. 821, wherein the Court held such a plea bad, citing:

"2 Enc. of Ev. p. 453, Bacon v. Green, 36 Fla. 325, 18 South. Rep. 870; Haworth v. Norris, 28 Fla. 763, 10 South. Rep. 18; Harrell v. Durrance, 9 Fla. 490; First

National Life Assurance Society v. Farquhar, 75 Wash. 667, 135 Pac. Rep. 619; Anderson v. Mitchell, 51 Wash. 265, 98 Pac. Rep. 751; Burns v. Scott, 117 U. S. 582; Bright v. Keneflick, 94 Ill. App. 137; May v. May, 36 Ill. App. 77; Gillman v. Henry, 53 Wis. 465, 10 N. W. Rep. 692; Bohn Mfg. Co. v. Reif, 116 Wis. 471, 93 N. W. Rep. 466; Smith v. Youmans, 48 S. C. 337, 26 S. E. Rep. 651; Bomar vs. Rosser, 131 Ala. 215, 31 South. Rep. 430. This plea set up no defense to the action susceptible of legal proof and there was therefore no error in striking it upon motion of plaintiff.''

Other assignments of error present the same question which we have here discussed and, therefore, it is not necessary to discuss the other assignments.

For the reasons stated, the judgment should be affirmed and it is so ordered.

Affirmed.

ELLIS AND BROWN, J.J., concur.

WHITFIELD, P.J., AND TERRELL AND DAVIS, J.J., concur in the opinion and judgment.

DAVIS, J. (Concurring).—Both pleas were offered· as *legal*, not equitable, defenses. I concur in the view that no legal, as distinguished from equitable defense, is presented by either of the pleas objected to, for the reasons pointed out in the foregoing opinion by Buford, C.J.

ELLIS, J. (Concurring).—The first amended plea is not valid because it does not exclude the idea that the note was delivered by the maker but not for the purpose of transferring to her the property therein but upon the other hand affirmatively shows that property in it was transferred to her. The plea is thereupon not available under Section 6776 C. G. L. The second plea is bad for the reason that it sets up an independent contemporaneous agreement between maker and payee which is not susceptible of proof against the terms of the written instrument.