H. G. FANNIN v. MRS. NELLIE E. FRITTER, for the use of AMERICAN NATIONAL BANK OF PENSACOLA, FLORIDA.

172 So. 691.
Opinion Filed February 12, 1937.

*Thomas Sale,* for Plaintiff in Error;

*Watson & Pasco & Brown,* for Defendant in Error.

TERRELL, J.—In February, 1931, Mrs. Nellie E. Fritter brought a common law action against H. G. Fannin on a negotiable promissory note under seal. The note was executed by Fannin in the usual collateral form and pledged Certificate No. 4 representing ten shares of the capital stock of Commercial Bank of Panama City, as security.

A demurrer to the declaration was overruled and pleas were filed. Demurrers to the pleas were entered and stood undisposed of for more than two years. In November, 1934, American National Bank of Pensacola filed a motion setting up the fact that it had acquired the note sued on and prayed that Mrs. Fritter be made the nominal plaintiff and that it be made the use plaintiff in the cause. This motion was granted without objection. Much pleading ensued on both sides, but was concluded by amended pleas three and four on behalf of defendant, to which demurrers were sustained and final judgment entered for the plaintiff. A motion for compulsory amendment was also filed with amended pleas three and four which was denied. Writ of error was taken to the final judgment and the order denying the motion for compulsory amendment.

The first error assigned questions the propriety of the order overruling the motion for compulsory amendment.

The motion for compulsory amendment had no purpose except to require the American National Bank of Pensacola to disclose the date of the assignment and transfer of the note sued on to it from the original payee, Mrs. Nellie E. Fritter.

The motion could have availed the pleader nothing except to show that the note was acquired by the bank after maturity and this was evident from the pleadings. For

this and other reasons on the face of the record the trial court in overruling the motion exercised its discretion in the negative and we are shown no reason for disturbing his ruling. Williams v. Peninsular Grocery Co., 72 Fla. 937, 75 So. 517.

The second and only other question necessary to be considered is predicated on the order of the trial court sustaining a demurrer to amended pleas three and four, the latter of which appears to be mainly relied on.

Both pleas raise the question of want of consideration in the note sued on. While the fourth plea alleges in general terms that there was a lack of consideration to the note, the plea on its face shows that there was a valuable consideration in that the maker took possession and custody of ten shares of stock of the Apalachicola State Bank and later liquidated it.

The pleader does not allege that he was induced to execute the note through mistake or fraud perpetrated on him but contends that the bank stock was worthless, that he got nothing for the note, that it was given to serve a designated purpose and was never intended to be enforced, that he has been unduly punished by it, and that to now enforce it against him would work an undue hardship on him.

There may be equitable substance to this contention but we are not in a court of equity. In the law merchant when one signs and negotiates commercial paper he is bound by what its face imports in the hands of other holders. The fact that he used bad judgment in signing it or signed it for something that was thought to have a value but which later vanished in no sense relieves him of responsibility, neither can he set up a contemporaneous collateral agreement to defeat his note. Forbes v. Ft. Lauderdale Mercan-

tile Co., 83 Fla. 66, 90 So. 821; Anderson v. Ax, 104 Fla. 294, 139 So. 798.

We have examined the cases relied on by plaintiff in error and they all involve notes in which the consideration failed after the note was executed. Here we have an attempt to introduce a collateral agreement to the effect that the maker would never be called on to pay. We find no case in which that has been permitted. If it was an accommodation endorsement as he contends it did not have to be supported by consideration in favor of the endorser. Section 4703, Revised General Statutes of 1920, Section 6789, Compiled General Laws of 1927.

The judgment below is accordingly affirmed.

Affirmed.

ELLIS, C. J., and WHITFIELD, BROWN, BUFORD and DAVIS, J. J., concur.

DAVIS, J. (concurring).—The facts of this case bring it within the rule of Anderson v. Ax, 104 Fla. 294, 139 Sou. Rep. 798, rather than Cockrell v. Taylor, 122 Fla. 798, 165 Sou. Rep. 887, so the judgment is properly affirmed.