**FIRST NATIONAL CITY BANK (INTERAMERICA), a National Banking Association, Plaintiff,**

v.

**METAL TRADING COMPANY, LTD., etc., et al., Defendants.**

No. 75–2320–Civ–CA.

United States District Court, S. D. Florida.

May 12, 1976.

James W. Crabtree, Smathers & Thompson, Miami, Fla., for plaintiff.

Alan E. Greenfield, Dubbin, Schiff, Berkman & Dubbin, Miami, Fla., for defendant.

ATKINS, District Judge.

This matter is before the Court on plaintiff's motion for summary judgment. The Court has had the benefit of extensive briefing of the issue of the applicability of the parol evidence rule to defendant's alleged affirmative defense of failure of consideration and is fully apprised in the premises.

Plaintiff has sued defendants to collect on various notes and guaranties which were admittedly executed and delivered by defendants to plaintiff. As an affirmative defense, defendants allege that although the notes are valid on their faces, there was no consideration passing to defendants in exchange for the execution of the notes and guaranties. The basis of this contention is that defendants were engaged in a joint venture with the plaintiff bank. Defendants claim that as part of the oral joint venture agreement, the bank would only receive profits from the venture and that the notes and guaranties were never to be effective and were only a sham for the purpose of "regularizing" the transactions between defendants and Mr. Jennings, then president of the bank, and the person in charge of their accounts.

The parties have stipulated that Florida law applies. Therefore, the Court turns first to the Uniform Commercial Code as adopted in Florida, Florida Statutes, Chapter 673, et seq., to decide this issue.

Clearly, the instruments in question meet the tests enunciated in § 673.3–104 for negotiable instruments. Nor is there any dispute as to this point. The circumstances under which a promise to pay is unconditional is covered in § 673.3–105. The instruments before the Court do not make reference to another separate agreement, nor do they contain anything other than the usual form language employed in printed notes and guaranties. They are unconditional on their faces.

■ The terms of a note; i. e., its unconditional nature, can be modified or affected by a written instrument executed as a part of the same transaction. § 673.3–119. There is no separate written instrument before this Court and none is claimed by the parties. Accordingly, Comment 1 to the section is instructive in its provision that Chapter 673 does not attempt to state general rules as to when an instrument may be varied or affected by parol evidence except as to rules to be followed in the case of ambiguity. The comment states that the separate written agreement may be

> an agreement that upon certain conditions the instrument shall be discharged or is not to be paid, or even an agreement that is a sham and not to be enforced at all.

This is the defense interposed by defendants herein. However, as defendants claim an oral, rather than written, agreement, it is necessary to apply Florida's parol evidence rule.

Defendants' case citations refer generally to cases in which parol evidence was allowed to show conditions that may have been attached to the promissory note by the parties; i. e., conditional delivery. *Evans v. United Benefit Fire Ins. Co. of Omaha, Neb.,* 192 So.2d 87 (Fla.App.1966); *Thomson v. Parrish,* 221 So.2d 770 (Fla.App.1969); *McMahon v. Weesner,* 254 F.Supp. 839 (D.C. Fla.1966). Because those cases differ as to the reason for introduction of oral testimony from the case before this Court, the Court finds the cases not persuasive.

■ In *Anderson v. Ax,* 104 Fla. 294, 139 So. 798, 799 (Fla.1932), which presented a fact situation similar to that herein as regards the defense of want of consideration, the Florida Supreme Court held that the pleas

> amount to nothing more than to contradict and vary the terms of the valid written instrument (promissory note) by averring the existence of the collateral contemporaneous parol agreement, evidence of which would be entirely inadmissible on trial.

Defendants do not assert that a subsequent agreement extinguished the obligations under the notes and guaranties, but rather that a prior oral agreement existed that the instruments were not to be enforceable and the plaintiff would only receive profits, not payments on notes. Although a contemporaneous, independent agreement amounting to a separate transaction, or an oral agreement that doesn't relate to the same agreement embodied in the written contract, may be admitted notwithstanding objections based on the parol evidence rule, 13 Fla. Jur., *Evidence,* § 386, the parol agreement alleged herein directly relates to the instruments being sued upon and is offered to vary the terms of the unconditional notes.

■ The case law of Florida indicates that parol testimony is admissible to show failure of consideration. Here, however, it is clear that monies were advanced to the defendants on the basis of the notes which they executed. The notes and guaranties recite that in consideration for the advancement of monies, the instruments were executed. Therefore, it appears to the Court that this case falls within the precedent cited by plaintiff. The earlier Florida Supreme Court case of *Forbes v. Fort Lauderdale Mercantile Co., infra,* dealt with the issue of an allegation of want of consideration in the same manner as in *Anderson v. Ax, supra.* See *Forbes v. Fort Lauderdale Mercantile Co.,* 83 Fla. 66, 90 So. 821 (1922). The Court held that the want of consideration defense did not make permissible the other averments which would violate the rule excluding a contemporaneous oral agreement that contradicts the legal effect of a written instrument. Since that time, the courts of Florida have consistently held that while the parol evidence rule does not preclude the defense of lack or failure of consideration, where the defense attempts to set up a different parol agreement, and where the defense would lay the foundation for introduction of inadmissible parol evidence; i. e., that which would alter, vary or contradict the language of the written instrument, it has been held that the defense should be stricken. *Rothstein v. Forty-Five, Twenty-Five, Inc.,* 145 So.2d 565 (Fla.

App.3d 1962); *Wagner v. Bonucelli,* 239 So.2d 619 (Fla.App. 4th 1970).

■ The parol evidence rule is recognized to be a fundamental rule of substantive law which is essential to the certainty and stability of written obligations. *Schwartz v. Zaconick,* 68 So.2d 173 (Fla.1954).

■ As noted above, defendants' case citations do not support the proposition that parol evidence may be introduced in the case before the Court. In making the statement that the parol evidence rule in Florida has undergone marked change in Florida since 1922 when the *Forbes* case was decided, they cite to 13 Fla.Jur. *Evidence* § 395. Examination of the section and the cases cited thereunder demonstrates that the citation does not support defendant's position. The section indicates that parol may be resorted to to show "the true or real consideration of the instrument . . . although the consideration so shown may be different in amount or quantity from the consideration expressed, provided it is not inconsistent with it." *Id.*

The parol testimony that defendants seek to offer before this Court is not that the amount or quantity of the consideration was different from that expressed in the instruments, but that which is inconsistent with it. The parol evidence rule as applied in Florida prohibits such testimony.

■ Having determined that the lack of consideration defense cannot be established by means of parol evidence, the Court has examined the entire record to determine whether or not there is any support for the defense which would be admissible as evidence. Defendants have referred only to an April 19, 1974 memorandum written by Mr. Jennings, then president of plaintiff bank. No affidavit was submitted to support the assertion. At page 3 of their memorandum of law in opposition to plaintiff's motion for summary judgment, defendants state that there are "numerous other documents in the plaintiff's credit file" that corroborate the joint venture theory. At page 5, defendants rely again on the file memorandum and state that "[t]he joint venture may be further established by the introduction of numerous other bank documents which will clarify the relationship between the parties and support the testimony given by Mr. Gruman." However, as stated above Mr. Gruman's testimony would not be admissible. Rule 56(e) FRCP provides that

> [w]hen a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.

Defendants have not done so. At this juncture, they have had every opportunity to show the Court that there is some support for their position but have failed to do so. Accordingly, summary judgment is granted to plaintiff on the issue of failure to state a legal defense on which there is admissible evidence.

## I. PROMISSORY NOTES

■ In answer to the complaint the defendants admit execution and delivery of the notes and guaranties in suit. Absent assertion of the lack of consideration defense, there is no defense to plaintiff's claims based upon the promissory notes. Accordingly, judgment should be entered in favor of plaintiff on the promissory notes.

■ Plaintiff has submitted the affidavit of Frank Fabi, Assistant Vice President of First National City Bank (Interamerica) in support of the motion for summary judgment. The affidavit is not controverted by defendants and therefore the statements contained therein are taken as established.

Five promissory notes form the basis of this suit. Defendant Metal Trading Company, Ltd. (Metal) executed and delivered promissory notes to plaintiff bearing dates of March 11, 1974, May 16, 1974 and December 13, 1974 respectively. The amounts due and owing on the notes, including interest through and including October 10, 1975 is $1,619,963.60. The defendant Cayman Tankers, Ltd. (Tankers) executed and deliv-

ered a promissory note to plaintiff bearing the date of August 13, 1974. The amount due and owing on the note, including interest through and including October 10, 1975, is $1,393,094.92. On June 8, 1973, defendant Atlantic and Gulf Company, Ltd. (Atlantic) executed and delivered its promissory note to plaintiff. · The amount due and owing on the note, including interest through and including October 10, 1975, is $107,721.14. There being no viable defense as regards these notes, summary judgment should be entered in favor of plaintiff and against the above-named defendants.

## II.  CORPORATE GUARANTIES

Having determined the unavailability of the lack of consideration defense, it follows that defendants have no defense to offer as to the corporate guaranties. The issues raised by the defense of Mr. Gruman on his individual guaranties will be treated separately.

Plaintiff, in its motion for summary judgment, asked the court to examine only certain of the guaranties. Exhibit F to the complaint is a guaranty dated July 31, 1974 which defendant Metal executed and delivered to plaintiff "in order to induce you, . . . at any time(s) hereafter, to make any loan(s) or advance(s) or to extent credit in any other manner to, . . . (defendant Tankers)." As noted above, Tankers executed its promissory note on August 13, 1974, a date "at any time(s) hereafter." Therefore, defendant Metal is indebted to plaintiff on the guaranty in an amount equal to advances or loans made to Tankers subsequent to July 31, 1974.

Defendant Tankers executed a guaranty on July 31, 1974 (Exhibit H to the complaint). The guaranty recited that it was given "for and in consideration of any existing indebtedness to you of Metal Trading Co., Ltd. . . . and/or in order to induce you, . . . at any time(s) hereafter, to make any loan(s) or advance(s) or to extend credit in any other manner to, or at the request or for the account of (Metal) . . . ." The Fabi affidavit referred to above establishes that at the time of that guaranty, plaintiff had made advances under promissory notes to Metal in the total sum of $1,250,000.00. Following execution of the guaranty, plaintiff advanced another $400,000.00 to Metal; page 3, Fabi Affidavit. Metal made payment to plaintiff in the amount of $165,349.87. Therefore, defendant Tankers is indebted to plaintiff on the guaranty in the amount of $1,484,650.13, plus interest through and including October 10, 1975, for a total of $1,619,892.77.

Defendant Zanzibar S.A. (Zanzibar) executed three guaranties, Exhibits P, Q and R to the complaint. Exhibits P and Q are dated January 8, 1975. Neither guaranty contains a limit as to the obligations of Zanzibar. Exhibit P guarantees obligations of Metal and Exhibit Q guarantees obligations of Tankers. Exhibit R, dated March 5, 1975, guarantees the obligations of both Tankers and Metal and has a limit of $3,000,000.00. The August 8, 1975 advance of $190,000.00 made by plaintiff to defendant Tankers, was subsequent to execution of the above guaranties and is an obligation of Zanzibar.

Various other corporate guaranties have also been sued upon. Plaintiff has conceded, for purposes of its motion, that "with respect to all of these pertinent guaranties of Tankers, Inc., Trader and Zanzibar, . . . the plaintiff is willing to rely on the fact that these guaranties were given with respect to antecedent obligations." Florida Statutes § 673.408 states in pertinent part that while failure of consideration is a defense,

> no consideration is necessary for an instrument or obligation thereon given in payment of or as a security for an antecedent obligation of any kind.

Accordingly, Tankers, Traders and Zanzibar are all obligated to plaintiff for advances made to other corporations before the time the guaranties were executed.

## GRUMAN GUARANTIES

Plaintiff has sued defendant Gruman individually on three guaranties which he ex-

**368**

ecuted. On June 6, 1973 he executed and delivered a guaranty relating to the indebtedness of defendant Atlantic to the extent of $100,000.00. On March 11, 1974, he executed a guaranty in the amount of $250,-000.00 with respect to the obligations of defendant Metal. On July 31, 1974 he executed another ·guaranty in the amount of $250,000.00 with respect to the obligations of both Metal and Tankers. Plaintiff has asked only for a determination of Mr. Gruman's liability under the first two guaranties. Again, having determined that the defense of lack of consideration may not be asserted, there remains no defense against the June 6, 1973 and March 11, 1974 guaranties and defendant Gruman is therefore liable to plaintiff in the amount of $350,-000.00.

## THE TANKER'S OVERDRAFTS

Plaintiff asserts a claim against defendant Tankers for the amount of an overdraft ($432,009.40). ·At page 49 of his deposition Mr. Jennings, then President of plaintiff, testified that it was necessary for a bank officer to approve overdrafts. He also testified that if he had not had the assurances of Mr. Gruman that the overdraft situation was to be temporary, he would have required execution of a note. Defendants fail to address this point in their memoranda except to note that the pretrial stipulation provides that the bank's mismanagement of the account will be an issue to be tried. There is no dispute as to the fact of the overdraft. At page 48 of his deposition, Mr. Jennings testified that

> Mr. Gruman, with prior consultation, issued checks to make payments related to the company [Cayman Tankers, Ltd.] and the assets, and it was—the checks were paid creating the overdraft, and it was not converted to a straight loan because I received every assurance it was a temporary thing.

Mr. Jennings then testified to a course of dealing between the bank and Mr. Gruman which shows that the bank was informed as to the reasons checks were drawn prior to their arrival and that he approved the overdrafts.

Florida Statutes § 674.4–401(1) provides that a bank may charge a customer's account for any item which is otherwise properly payable from that account even · though the charge creates an overdraft. The record demonstrates that the facts of this case fall within the statutory provision and that Tankers is liable to the bank for the amount of the overdraft. It follows, also, that the respective guarantors of Tankers are likewise liable.

## JURISDICTION

This court originally held that it had subject matter jurisdiction of this cause in December of 1975. Since that time the Court has requested additional briefing on the issue of jurisdiction and after examining the filings relative to the request, has affirmed its earlier decision on jurisdiction.

In accordance with all the foregoing, it is hereby

ORDERED AND ADJUDGED that partial summary judgment be entered in favor of plaintiff and against the various defendants as set forth above.